HINES, DIRECTOR GENERAL OF RAILROADS, ET AL. *v.* ANDREWS.

[86 South. 801, No. 21428.]

1. RAILROADS.   *Order of Railroad Commission regulating speed in municipality held not void for ambiguity.*

Where the main street through a municipality runs just north of and contiguous to the railroad depot, and the only other street north of the depot is several hundred yards therefrom and is traveled very little, an order of the Railroad Commission providing that the railroad company may run its trains through the municipality at a rate of speed exceeding six miles per hour, except "over street north of depot," is not void for ambiguity.

2. RAILROADS.   *Injury to animal by train running at lawful speed preventing stopping held not actionable.*

In a suit against a railroad company for the negligent killing of
a cow by its running train, where the evidence showed that the
animal was killed within the corporate limits of a municipality,
but at a place where, by reason of a valid order of the Railroad
Commission, the railroad company might lawfully run its train
at a rate of speed exceeding six miles per hour, and where the
evidence both for plaintiff and defendant showed that after
the cow ran onto the track in front of the train it was impos-
sible to have stopped the train and avoided striking her, a
peremptory instruction for defendant should have been given.

APPEAL from circuit court of Panola county.

HON. E. D. DINKINS, Judge.

Action by J. B. Andrews against Walker D. Hines, Di-
rector General of Railroads, and the Illinois Central Rail-
road Company. Judgment for plaintiff, and defendants
appeal. Reversed and remanded.

*Wells, May & Sanders,* for appellant.

Upon this appeal, the sole question for the considera-
tion of the court, is whether the evidence clearly establish-
ed without debate, that the cow was killed at a place where
the law prohibited the running of the train at a greater
rate of speed than six miles an hour, and if so, whether
such rate of speed was without question, the proximate
cause of the killing.

The order of the railroad commission regulating the
speed of trains in municipalities, and of the town of Court-
land, was offered in evidence and is sent up with the rec-
ord, the said order reading as follows: "It is ordered,
in pursuance of the authority conferred on this commis-
sion by paragraph 4043 of the Mississippi Code of 1906,
that the Illinois Central Railroad Company and the Yazoo
& Mississippi Valley Railroad Company may run their
trains at a rate of speed exceeding six miles an hour within
the limits of all municipalities hereinafter mentioned, ex-
cept that the limits hereinafter particularly set forth with
reference to each of the municipalities.

"Illinois Central Railroad Company, Louisiana Division:—Courtland: Over the street north of depot." The cow was not on either of said crossings when struck by the train, but was between the two.

Upon the evidence, the trial court instructed the jury peremptorily, to find for the plaintiff, apparently upon the mistaken theory that the train was running in excess of six miles an hour at a place where it was not permitted so to run, and that such rate of speed was the proximate cause of the injury. We submit that the court's action was manifestly wrong.

In the first place, the only place in the town of Courtland where the railroad company was not permitted to run its trains at a greater rate of speed than six miles an hour, was over the street north of the depot." We think it obvious that the order of the commission refers to the much used street, next north of the depot.

If it does not mean that, and is so ambiguous as to mean nothing, then the exception from the general language of the order, is void, and the railroad, under the general terms of the order, was allowed to run the train at a rate of speed exceeding six miles an hour throughout the entire limits of the municipality. Upon either theory, that is, whether the order excepts the crossing north of the depot and means the first crossing, or whether the exception means nothing because of the ambiguity, the train was not running at an unlawful speed.

Second, if the train had been running at an unlawful rate of speed, the plaintiff was not entitled to recover unless the evidence established the fact that the unlawful rate of speed was the proximate cause of the injury. If there was any evidence offered that left that question open as a disputed issue of fact, such question was one for the jury and not for the court. "It is not every injury inflicted by a railroad train while running through incorporated towns at more than six miles an hour, for which the company is liable. To render the company liable, the speed must be the proximate cause of the injury.

Casual conections between excessive speed and the injury, must be shown." *Ry. Co.* v. *Carter*, 77 Miss. 516; see, also, *Clisby* v. *R. R. Co.*, 78 Miss. 937; *L. N. O. & T. R. R. Co.* v. *Carter*, 5 So. 388.

If the testimony of the engineer was true, he was guilty of no negligence in operating the train and the killing of the cow was inevitable and unavoidable, because of her own reckless attempt to cross in front of the train. The testimony both for the plaintiff and the defendant, clearly shows that the accident was unavoidable, the plaintiff's witness, Herron, and the defendant's engineer, testified that there was nothing the engineer could have done to avoid striking the cow when she turned her course back on the track, and it is perfectly clear that the six-mile statute had no application, because suspended by the order of the railroad.

We submit the court should have given a peremptory instruction for the defendant and that the judgment ought to be reversed and the suit dismissed.

*J. B. Carothers, for appellee.*

On behalf of appellee, J. B. Andrews, we do not care to discuss the error complained of. The giving of the peremptory instruction for appellee, J. B. Andrews, by the court below, upon the theory that the same was improper from the standpoint of the evidence in the case, a casual reading of the record in the case clearly shows that same was proper unless the order of the railroad commission was such that same made the giving of same improper. The entire evidence in the case was for appellee, evn that of the engineer, as shown by his testimony that he was running through an incorporated town at a rate of fifty miles an hour; that he was on the look out and that he did not know that the cow had been struck until he saw her on the pilot of his engine. The only question in the case is, was the order of the railroad commission fixing the limits in the town of Courtland, Miss.? As across the street north of

depot which is shown by the evidence to be twenty feet wide, a valid order; was the order ambiguous as there was two streets north of the depot as shown by the evidence; was the order void in that same amounted to a repeal of the six-mile statute. I submit that the order was void, in that same amounted to a repeal of the six-mile statute and for the further reason that the same is ambiguous. If this order was void, then the statute prohibiting the running of trains within the corporate limits at a greater rate of speed than six miles an hour was in full force and appellant cannot escape liability for the reason that if the order was void it amounted to this, that the railroad commission had not fixed a different limit from that fixed by the statute, which is the corporate limits. For the above reasons and upon the entire record of the case I submit that this cause should be affirmed.

W. H. COOK, J., delivered the opinion of the court.

Appellee, J. B. Andrews, sued Walker D. Hines, Director General of Railroads, and the Illinois Central Railroad Company for the value of a cow killed within the corporate limits of the town of Courtland by a passenger train of said railroad company, and from a judgment in favor of appellee, defendants appeal.

The facts of the killing of this cow are fully detailed by Leonard Herron, a witness for plaintiff, and by the engineer of the train. Herron testified that the cow was grazing on the east side of the track, and as the train approached she crossed over to the west side, and then turned and ran back onto the track about fifty yards ahead of the train, and ran one hundred and ten yards down the track before she was struck by the train; that the cow was killed about five hundred yards north of the depot; that the train was running more than thirty miles per hour, and that, after she turned to come on the track, it was impossible for the engineer to have stopped the train.

The engineer testified that he first saw two cows on the east side of the track, and that they crossed over to the west side and passed out of his sight, and were in a place of safety when they passed out of his sight; that he was keeping a lookout, and did not see the cow any more until she fell off of the pilot of the engine; that she was struck about four hundred yards north of the depot; that the train was running about forty-five miles per hour, and at the time he last saw the cow in a place of safety on the west side of the track he was so close to her that there was nothing he could have done to prevent striking her when she turned and came back on the track.

The defendants introduced in evidence an order of the Railroad Commission regulating the speed of trains within the corporate limits of the various municipalities on the line of the Illinois Central Railroad Company in Mississippi, and especially that portion of the order applicable to the town of Courtland, the said order being as follows:

"It is ordered, in pursuance of the authority conferred on this commission by paragraph 4043 of the Mississippi Code of 1906, that the Illinois Central Railroad Company and the Yazoo & Mississippi Valley Railroad Company may run their trains at a rate of speed exceeding six miles per hour within the limits of all municipalities hereinafter mentioned, except within the limits hereinafter particularly set forth with reference to each of the municipalities:

"Illinois Central Railroad Company

"(Louisiana Division)

"Courtland: Over street north of depot."

It appears from the evidence that the principal business street of the town of Courtland runs just north of and contiguous to the depot, and that this street is the main street of the town and is traveled a great deal, and that several hundred yards further north, and near where the

cow was killed, there is another street, but this street is used very little.

At the conclusion of the testimony both sides requested peremptory instructions, and the court granted the peremptory instruction for plaintiff, and the defendants, appellants, assign as error the granting of plaintiff's instruction and the refusal of the instruction requested by defendants.

We assume, as stated in the briefs of counsel, that the court granted the peremptory instruction for appellee upon the theory that the order of the Railroad Commission fixing the limits in the town of Courtland within which the railroad company might run its train at a greater rate of speed than six miles per hour is void for uncertainty, and therefore that the train was running at an unlawful speed at the place where the animal was struck. Counsel for appellee states that—

"The only question in this case is whether the order of the Railroad Commission fixing the limits of the town of Courtland, Mississippi, as 'across the street north of depot,' which is shown by the evidence to be twenty feet wide, is a valid order."

The street immediately north of the depot is the main thoroughfare of the town and connects the stores on the east and west side of the railroad track; it is a public road leading east and west through the town, and there is a great deal of travel over this street, and it is perfectly manifest that the exception in the order of the Railroad Commission refers to this main thoroughfare, and has no reference to the street which is several hundred yards north of the depot and which is traveled very little. This order of the Railroad Commission is not so uncertain or ambiguous as to render it void, and it follows, therefore, that the six-mile statute had no application at the place where this animal was killed, and it was error to grant the peremptory instruction for plaintff. Under the facts hereinbefore fully detailed we think the peremptory

instruction requested by the defendants should have been granted, and therefore this cause is reversed, and judgment entered here for defendants.

Reversed, and judgment here for defendants.

                                    .... *Reversed.*